IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RONALD MOBLEY, individually and on behalf of similarly situated individuals<br><br>Plaintiff<br><br>v.<br><br>CIG Logistics LLC, and Continental Intermodal Group - Trucking LLC<br><br>Defendants | CIVIL ACTION NO. _____<br><br>CLASS ACTION COMPLAINT |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Ronald Mobley ("Plaintiff" or "Mr. Mobley"), individually and on behalf of all others similarly situated, by and through his attorneys, bring this action against Defendants CIG Logistics LLC and Continental Intermodal Group - Trucking LLC, (collectively referred to as "Defendants") seeking unpaid wages, including overtime wages, and all other available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq. ("NMMWA").

Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Plaintiff alleges as follows:

**PARTIES**

**Plaintiff**

1. Plaintiff is an adult resident of Louisiana. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Plaintiff is attached hereto as Exhibit A.

2. At all relevant times, Defendants employed Plaintiff as an hourly non-exempt WSO.

1

3.      Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek.

4.      Plaintiff and other similarly situated employees are covered employees within the meaning of the FLSA.

**Defendant**

5.      Defendant CIG Logistics LLC ("CIG") is a Delaware Company doing business in multiple states. Upon information and belief, its principal place of business is located at 209 West 2nd Street, #282, Fort Worth, Texas 76102. Defendant may be served through their registered agent, Capitol Document Services, Inc. at 55 Old Santa Fe Trail 2ND FL, Santa Fe, NM 87501. Defendant CIG was the company listed on Plaintiff's paystubs and 2020 W-2 Forms.

6.      Defendant Continental Intermodal Group - Trucking LLC ("Continental") is an Oklahoma Limited Liability Company doing business in multiple states. Upon information and belief, its principal place of business is located at 420 Throckmorton Street, Ste. 550, Fort Worth, TX 76102 USA. Defendant can be served with process by serving its New Mexico registered agent, Capitol Document Services, Inc., at 55 Old Santa Fe Trail, 2nd Floor, Santa Fe, NM 87501. Defendant CIG Trucking was the company listed on Plaintiff's 2019 W-2 Forms.

7.      At all relevant times, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

8.      At all relevant times, Plaintiff and similarly situated individuals were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

9.      Defendants apply the same employment policies, practices, and procedures to all

WSO.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 New Mexico Class Members; (2) Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b).

11.     At all times material to this Complaint, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12.     Defendants' gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

13.     At all times material to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

14.     This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

15.     The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal question claims that they form part of the same case or controversy.

16.     Plaintiff's state law claims are not novel or complex. 28 U.S.C. § 1367(c)(1).

17.     Plaintiff's state law claims do not predominate over their federal question claims. 28 U.S.C. § 1367(c)(2).

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendants conduct substantial business in this District, sending Plaintiff and Well Site Operators ("WSO") to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## APPLICABLE STATE LAW

19. The "New Mexico Wage Laws" refers to the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19, et seq.

## FACTUAL ALLEGATIONS

20. Defendant CIG provided fracking sand and onsite sand service to fracking companies in multiple states. Defendants employed Plaintiff and other WSO to work for them in the States of Texas, New Mexico, and North Dakota.

21. At all relevant times, Defendants employed Plaintiff and similarly situated individuals as non-exempt WSO.

22. WSO performed the manual tasks associated with Defendants' onsite sand services.

23. Based on reasonable belief, CIG and Continental acted as a joint employer or one single enterprise.

24. CIG would schedule Plaintiff and the WSO to work out of town in two-week-long assignments called a "Hitch".

25. The average duration of each hitch is 14 days.

26. WSO can work a double hitch which is about 5 weeks long.

27. At the end of the hitch, Plaintiff and the WSO would spend one (1) travel day to drive back to their hometown. They would then get five (5) days off. On the seventh (7) day, Plaintiff and the WSO would spend that day driving to the next out-of-town assignment.

28. Defendant paid Plaintiff and the WSO on an hourly basis.

29. WSO were required to report to job sites to perform Defendants' sand operations services to fracking companies in various states. These job sites were frequently located hundreds of miles away from WSO's home communities.

30. WSO typically work at least forty (40) hours per workweek. WSO typically worked multiple-day shifts away from their home communities. Because the worksites were away from their home communities, WSO typically stayed overnight in man camps during the scheduled work shifts.

31. WSO spent most of the day before and after their shifts driving hundreds of miles to and from the job sites. This travel cut across WSO's normal working hours during both regular working days and non-working days.

32. The identity of all WSO is unknown at this time but is known to Defendant and is contained in Defendant's records.

33. Defendant did not count time spent traveling as hours worked for purposes of determining overtime eligibility. Consequently, Defendant failed to pay proper wages, including overtime wages to Plaintiff and other similarly situated individuals.

34. At all material times, Defendant willfully deprived WSO of proper wages, including overtime wages.

35. Defendant knew that WSO were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to job sites.

36. The exact amount of compensation, including overtime compensation that Defendants has failed to pay Plaintiff and other similarly situated individuals is unknown at this time.

37. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

38. Defendants did not make, keep or preserve accurate records of the hours worked by Plaintiff and similarly situated individuals.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff, on behalf of himself and other similarly situated individuals, re-alleges and incorporate by reference the above paragraphs as if fully set forth herein.

42. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All WSO who Defendants employed or employs as non-exempt hourly employees who have not been paid at an overtime rate for time spent traveling to job sites in which an overnight stay is required when such travel resulted in a workweek in excess of 40 hours at any time during the three years preceding the filing of this action.

43. The illegal pay practices Defendants imposed on Mr. Mobley were likewise imposed on the WSO.

44. Numerous other individuals who worked with Mr. Mobley were required to drive to their out-of-town hitch during their regular business hours and were not properly compensated

for all hours worked as required by the FLSA. Upon information and belief, the WSO are so numerous as to make their joinder in this action impracticable.

45. Thus, Defendants imposed a uniform practice or policy on Mr. Mobley and the WSO regardless of any individualized factors. They all worked over 40 hours a week. Any unpaid business travel to and from their hitch would result in unpaid overtime.

46. Based on his experiences and tenure with Defendants, Mr. Mobley is aware that Defendants' illegal practices were imposed on the WSO.

47. WSO were not paid overtime premiums for any hours traveling to and from their home communities and their out-of-town hitches.

48. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the WSO.

49. Everyone had to travel for business by leaving their home communities to their out-of-town man camps at the beginning of each hitch. They would return to their home communities at the end of each hitch.

50. Mr. Mobley's experiences are therefore typical of the experiences of the WSO.

51. The specific job titles or precise job locations of the various WSO do not prevent class or collective treatment.

52. Mr. Mobley has no interest contrary to, or in conflict with, the other WSO. Like each member of the proposed classes, Mr. Mobley has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

53. Plaintiff is similarly situated to the WSO and will prosecute this action vigorously on their behalf.

54. During the relevant time period, Plaintiff and the WSO routinely spent time traveling away from home to Defendants' job sites. Plaintiff and the WSO were not compensated for their travel time at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

55. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Plaintiff and the WSO proper compensation, including overtime compensation, for their travel time.

56. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the WSO and, as such, notice of this action should be sent to the WSO. There are numerous similarly situated current and former employees of Defendants who have been denied overtime wages in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**FIRST CAUSE OF ACTION - FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(On Behalf of Plaintiff and the WSO)**

58. Plaintiff, on behalf of himself and similarly situated individuals, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

59. The FLSA requires employers to compensate employees for their travel time. U.S. Department of Labor regulations require payment for travel time when employees are required to travel away from their home communities. *See* 29 C.F.R. § 785.39.

60. As employees of Defendants, Plaintiff, and the WSO have not been compensated for time spent traveling away from their home communities to Defendants' job sites at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

61. The FLSA at 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek.

62. Defendants suffered and permitted Plaintiff and the WSO to work in excess of 40 hours per workweek. The time that Plaintiff and the WSO spent traveling away from their home communities to Defendants' job sites caused Plaintiff and the WSO to work hours in excess of 40 hours per workweek.

63. Defendants failed to compensate Plaintiff and the WSO for the travel time hours they worked in excess of 40 hours per workweek at an overtime rate.

64. Plaintiff and the WSO do not qualify for an exemption from the FLSA's wage and overtime obligations.

65. Defendants knew that Plaintiff and the WSO are not exempt from the FLSA's wage and overtime provisions.

66. Defendants knew that it was required to pay Plaintiff and the WSO for all hours worked, including hours spent traveling away from their home communities to job sites.

67. Defendants knew that it was required to pay Plaintiff and the WSO for all hours worked over forty in any workweek.

68. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime wages to which Plaintiff and the WSO are entitled.

69. Defendants knew or showed reckless disregard for the fact, that it failed to compensate Plaintiff and the WSO proper overtime wages.

70. Defendants' actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff and the WSO at the required overtime rate for all overtime hours worked.

71. In violation of the FLSA, 29 U.S.C. § 516, Defendants have failed to make, keep, and preserve out of town travel time records with respect to each of their employees, including Plaintiff and the WSO, sufficient to determine Plaintiff' and the WSO's wages, hours, and other conditions and practice of employment.

72. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the WSO have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the WSO seek damages in the amount of their unpaid overtimewages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION - NEW MEXICO WAGE LAW VIOLATIONS**

74. Plaintiff incorporates all preceding paragraphs.

75. The conduct alleged in this Complaint violates the New Mexico Wage Laws. Pursuant to NMMWA, an employer, such as Defendants, who fails to pay an employee wage in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

76. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to Rule 23. The proposed collective is defined as follows:

> All WSO who Defendants employed or employs as non-exempt hourly employees who have not been paid at an overtime rate for time spent traveling to job sites in New Mexico which an overnight stay is required when such travel resulted in a workweek in excess of 40 hours at any time during the three years preceding the filing of this action. "New Mexico Class Members"

77. During the relevant time period, Defendants violated and continue to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New Mexico Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

78. Plaintiff and the New Mexico Class Members are entitled to unpaid overtime equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(E). *See also N.M. Dep't of Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495–96, 134 P.3d 780, 782–83.

## DEMAND FOR TRIAL BY JURY

79. Plaintiff demands a trial by jury as to all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated members of the WSO, respectfully request that this Court grant the following relief under the FLSA:

a. Designation of this action as a collective action under the FLSA andprompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all WSO apprising them of the pendency of this action, and permitting them to

11

        assert FLSA claims in this action by filing individual consent to join forms pursuant to 29 U.S.C. § 216(b);

b.     Judgment against Defendants for violation of the wage and overtime provisions of the FLSA, including failing to maintain accurate time records of all hours worked by Plaintiff and the WSO;

c.     Judgment that Defendants acted willfully and in bad faith in violating the FLSA;

d.     Judgment against Defendants awarding an amount equal to Plaintiff' and the WSO's unpaid wages, including overtime wages, at the applicable rate, including the applicable overtime rate calculated as one and one-half times the regular rate of pay, and an equal amount of liquidated damages;

e.     An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

f.     An award of prejudgment interest; and,

g.     Such further relief as the Court deems just and equitable.

Plaintiff on an individual basis and Mr. Mobley on a representative basis on behalf of the New Mexico Class Members respectfully requests that judgment be entered in their favor and against Defendant, awarding Plaintiff on an individual basis and on a representative basis on behalf of the New Mexico Class Members the following relief:

a.     For an Order certifying the NMMWA claim as Class Action pursuant to FED. R. CIV. P. 23, for designation of Mr. Mobley as Class Representative under NMMWA, and for designation of Mr. Mobley' counsel as class counsel;

b.     For Judgment that Defendant violated NMMWA by failing to pay Plaintiff and theNew Mexico Class Members overtime compensation;

c.     For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages,interest, and all available penalty wages under NMMWA;

d.     For all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. STAT. § 50-4-26(E);

e.     Order for injunctive relief pursuant to N.M. STAT. § 50-4-26(F); and

Any other and further relief to which Plaintiff and the New Mexico Class Members may be entitled.

Respectfully submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tran (Pro Hac Vice pending)
Federal ID No. 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com